No. 86-328

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

TRULY W. COCKING,

        Claimant and Respondent,

  -vs-

THE HILLHAVEN CORPORATION,
        Employer,
    and

RANGER INSURANCE COMPANY,

        Defendant and Appellant.

APPEAL FROM:  The Workers' Compensation Court, Honorable
Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Marra, Wenz, Johnson & Hopkins; Thomas A. Marra,
        Great Falls, Montana

    For Respondent:

        Burgess, Joyce & Whelan; Thomas J. Joyce, Butte,
        Montana

Submitted on Briefs: Dec. 11, 1986

Decided: February 19, 1987

Filed: **FEB 19 1987**

*Ethel M. Harrison*

———————————————————
Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Defendants appeal the award by the Workers' Compensation Court granting claimant occupational disease benefits plus costs and attorneys' fees. We reverse and remand.

Claimant began work as a janitor in February, 1983, at Butte Convalescent Center, owned by defendant Hillhaven Corporation. Claimant's duties included washing windows, cleaning furniture and stripping floors. During 1983, claimant began taking allergy shots to treat his allergic reaction to horses, dogs, and cats, to which he was exposed away from work. In June, 1984, claimant began breaking out with sores on his side, ankles, face, ears, and eyelids. Claimant attempted to identify the cause by removing all pets from his home, the wood stove, changing his diet, and trying different types of clothing and detergents.

Claimant visited several doctors during July and August of 1984, but none of the doctors were able to diagnose or adequately treat claimant's condition. Claimant took an extended leave of absence from work August 21, 1984, through October 14, 1984. Claimant's supervisor was aware of his medical problems, yet claimant did not inform the supervisor that his skin infections were work related nor did he file an incident report.

The record is unclear as to claimant's work attendance during the last 3 months of 1984. In November of 1984, claimant began treatment with a certified dermatologist, Dr. Ballinger. Dr. Ballinger concluded claimant had contact dermatitis but was unable to positively correlate it with any of the products claimant used at work.

On December 21, 1984, claimant filed a claim for workers' compensation alleging an industrial injury in July, 1984. Defendant Ranger Insurance Company denied liability by letter dated February 4, 1985. Claimant continued to have outbreaks and began treatment with another certified dermatologist, Dr. Robert Neill. Dr. Neill applied topical medications to claimant's eruptions and within two weeks claimant's condition had improved substantially. To determine the cause of claimant's sores and rashes, Dr. Neill suggested claimant return to work.

Claimant returned to work February 28, 1985, and within two weeks experienced a recurrence of his skin condition after using certain cleaning compounds. Claimant filed an incident report alleging an injury on March 4, 1985, and did not return to work upon Dr. Neill's advice. A workers' compensation claim was filed and defendant denied coverage. Defendant contacted the Division of Workers' Compensation (Division) regarding the claim and requested the Division appoint a physician to examine claimant. The Division appointed a physician and scheduled an examination to determine whether claimant was eligible for occupational disease benefits.

Meanwhile, on May 20, 1985, claimant filed a petition for hearing before the Workers' Compensation Court. Defendant filed a motion to dismiss on July 10, 1985, contending the proceedings before the Division deprived the Workers' Compensation Court of jurisdiction. The motion to dismiss was denied. On July 31, 1985, the Division entered its order referring copy of medical report to the parties which contained a preliminary finding that claimant was not entitled to occupational disease benefits. On August 19,

3

1985, the Division entered its order suspending proceedings pending the outcome of industrial injury proceedings before the Workers' Compensation Court.

Following hearing, the hearing examiner found claimant had not suffered an injury under § 39-71-119 of the Workers' Compensation Act, but was suffering from an occupational disease and was entitled to temporary total disability benefits as well as costs and attorneys' fees. Workers' Compensation Judge Reardon adopted the findings and conclusions of the hearing examiner and awarded claimant occupational disease benefits retroactive to July 1, 1984, plus costs and attorneys' fees pursuant to § 39-71-612, MCA. Defendant appeals and raises the following issues:

1) Whether the Workers' Compensation Court properly awarded claimant occupational disease benefits?

2) Whether the Workers' Compensation Court properly awarded attorneys' fees and costs to claimant?

The claimant has conceded on appeal that the Workers' Compensation Court exceeded its jurisdiction in finding claimant suffered from an occupational disease.

This Court has previously held that a claimant may elect to pursue benefits under the Workers' Compensation Act or the Occupational Disease Act. Ridenour v. Equity Supply Co. (Mont. 1983), 665 P.2d 783, 40 St.Rep. 1012.

The procedure for obtaining benefits differs under the two acts. The Occupational Disease Act provides that a physician shall be appointed to examine the claimant when the insurer has not accepted liability. Section 39-72-602(2)(a), MCA. If either party is dissatisfied with the results of the first examination, a second examination may be requested. The results are then reviewed by a medical panel which

4

submits a report to the Division indicating whether claimant is suffering from an occupational disease.

Prior to the time the Division issues its determination whether the claimant is entitled to occupational disease benefits, the claimant, insurer, or the Division may request a hearing. Section 39-72-611, MCA. Following issuance of the Division's determination a rehearing may be requested. Appeals from a final determination of the Division shall be made to the workers' compensation judge within 30 days from the date of the Division's final determination. Section 39-72-612(2), MCA. These provisions make it clear that the workers' compensation judge has appellate jurisdiction to award occupational disease benefits.

In the present case, claimant filed a petition for hearing under the Workers' Compensation Act alleging an industrial injury. The Workers' Compensation Court had jurisdiction to determine whether or not claimant was entitled to workers' compensation benefits. The court did not have jurisdiction to make a finding that claimant suffered from an occupational disease and was entitled to occupational disease benefits. That is a matter to be decided on appeal following final determination by the Division. In this instance, the Division did not make such a determination.

The award of attorneys' fees and costs pursuant to § 39-71-612, MCA, was improper. The Workers' Compensation Court exceeded its jurisdiction in awarding occupational disease benefits. The award being improper, claimant is not entitled to attorneys' fees and costs.

The Workers' Compensation Court is reversed and this case is remanded to the Division of Workers' Compensation for

a determination of claimant's entitlement to occupational disease benefits.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

6